

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DANIELLE ANN LOZANO, | § | No. 08-14-00208-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 291st District Court |
| | § | |
| | | of Dallas County, Texas |
| THE STATE OF TEXAS, | § | |
| | | (TC# F-0934252-U) |
| | § | |
| Appellee. | | |

## **O P I N I O N**

Appellant, Danielle Ann Lozano, appeals the trial court's judgment revoking her probation for burglary of a habitation.[1]  Appellant entered a guilty plea in November 2009 to a burglary of habitation, her finding of guilt was deferred and she was placed on four years' of community supervision.  In July 2012, the State filed a Motion to Adjudicate, to which Appellant pled true.  Appellant was found guilty and sentenced to ten years' in the Institutional Division of TDCJ.  In December 2012, Appellant filed an Application for Shock Probation.  On December 19, 2012, the court suspended Appellant's ten-year sentence and placed her on five years' community supervision pursuant to Texas Code of Criminal Procedure article 42.12, § 3(a).  In January 2014, the State filed a Motion to Revoke Probation.  In June 2014, Appellant

---

[1] We hear this case on transfer from the Fifth Court of Appeals in Dallas and apply that court's precedent where our precedent would otherwise be inconsistent.  *See* TEX.R.APP.P. 41.3.

pled true to the amended Motion to Revoke filed by the State in April 2014.[2]  The trial court assessed her punishment at imprisonment for a term of ten years.[3]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant entered an open plea of true to the State's Motion to Revoke Probation.  In conjunction with her plea of true, Appellant judicially confessed and signed plea admonishments, which adequately informed her of her rights.  In the written Court's Admonishments, Appellant waived her rights and acknowledged that her "statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences."  At the revocation hearing, the trial court ascertained that Appellant understood the charge against her and the accompanying range of punishment.  The trial court then heard testimony from Appellant, her mother, and two of her probation officers.  In addition to Appellant pleading true, she admitted she had committed the crime of fraudulent use or possession of five to ten pieces of identifying information committed against an elderly individual, and she accepted responsibility for that offense.  After listening to closing arguments and Appellant's request to be placed on probation, the trial court sentenced her to ten years' imprisonment.  When asked by the trial court if there was any legal reason why Appellant's sentence could not be pronounced then and there, defense counsel answered in the negative.

## FRIVOLOUS APPEAL

---

[2] Lozano is also appealing the trial court's judgment in a companion case tried concurrently with this case.  In the companion case, appellate cause No. 08-14-00209-CR, she appeals her conviction of fraudulent use or possession of five to ten pieces of identifying information committed against an elderly individual.

[3] This sentence ran concurrent with Appellant's companion case 08-14-00209-CR.

Appellant's court-appointed counsel has filed a brief in which she has concluded that the appeal is wholly frivolous and without merit.[4] The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex.Crim.App. 2008)("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). Counsel has certified to the Court that she delivered to Appellant a copy of counsel's brief, the motion to withdraw, and a motion for *pro se* access to the appellate record. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014)(setting forth duties of counsel). Further, counsel certified that she has advised Appellant of her right to file a *pro se* brief and to seek discretionary review. *Id.* Appellant has not requested access to the appellate record and she has not filed a *pro se* brief.

We have carefully reviewed the record and counsel's brief, and agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. Accordingly, we affirm the judgment of the trial court.

November 4, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[4] Counsel was also appointed to represent Lozano in the companion case identified in footnote two. In that case, counsel filed an *Anders* brief as well.